# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| Norman IP Holdings, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| Canon USA, Inc.; Canon, Inc.; Nikon Inc.; | § | |
| Nikon Corporation; Nikon Americas Inc.; | § | **Jury Trial Demanded** |
| Olympus Corporation of the Americas; | § | |
| Olympus Corp.; Olympus Imaging Corp.; | § | |
| Olympus Imaging America Inc.; Olympus | § | |
| America Inc.;  Fujifilm Corporation; Fujifilm | § | |
| North America Corporation f/k/a Fujifilm | § | |
| U.S.A., Inc.; Konica Minolta Holdings U.S.A., | § | |
| Inc.; Konica Minolta Business Solutions | § | |
| U.S.A., Inc.; Pentax of America, Inc.; Hoya | § | |
| Corporation; Hoya Corporation USA; Eastman | § | |
| Kodak Company; Lenovo Group Limited; and | § | |
| Lenovo (United States) Inc., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Norman IP Holdings, LLC and its predecessors in interest ("Norman"), by and through

its attorneys, for its Original Complaint against Defendants Canon USA, Inc.; Canon, Inc.; Nikon

Inc.; Nikon Corporation; Nikon Americas Inc.; Olympus Corporation of the Americas; Olympus

Corp.; Olympus Imaging Corp.; Olympus Imaging America Inc.; Olympus America Inc.;

Fujifilm Corporation; Fujifilm North America Corporation f/k/a Fujifilm U.S.A., Inc.; Konica

Minolta Holdings U.S.A., Inc.; Konica Minolta Business Solutions U.S.A., Inc.; Pentax of America, Inc.; Hoya Corporation; Hoya Corporation USA; Eastman Kodak Company; Lenovo Group Limited; and Lenovo (United States) Inc., hereby alleges as follows:

## I. NATURE OF THE ACTION

1. This is a patent infringement action to end Defendants' unauthorized and infringing manufacture, use, sale, offering for sale and/or importation of methods and products incorporating Plaintiff Norman's patented inventions.

2. Norman is owner of all right, title, and interest in and to: United States Patent No. 5,530,597 (the "'597 Patent"), issued on June 25, 1996, for "Apparatus and Method for Disabling Interrupt Masks in Processors or the Like"; United States Patent No. 5,502,689 (the "'689 Patent"), issued March 26, 1996, for "Clock Generator Capable of Shut-Down Mode and Clock Generation Method"; and United States Patent No. 5,608,873 (the "'873 Patent"), issued March 4, 1997, for "Device and Method for Interprocessor Communication Using Mailboxes Owned by Processor Devices" (collectively, the "Patents"). True and correct copies of the Patents are attached hereto as Exhibits 1, 2, and 3.

3. Each of the Defendants manufactures, provides, sells, offers for sale, imports and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner; and/or contributes to the making and use of infringing products and services by others.

4. Plaintiff Norman seeks injunctive relief to prevent Defendants from continuing infringement of Plaintiff's valuable patent rights. Plaintiff Norman further seeks monetary damages and prejudgment interest for Defendants' past infringement of the Patent.

5. This is an exceptional case, and Norman is entitled to damages, enhanced

damages, attorneys' fees, costs and expenses.

## II.  THE PARTIES

6.      Plaintiff Norman is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 E. Ferguson, Suite 816, Tyler, Texas 75702.

7.      Upon information and belief, Defendant **Canon USA, Inc.** is a New York corporation with its principal place of business located at One Canon Plaza, Lake Success, New York 11042.   Upon further information and belief, Defendant **Canon, Inc.** is a Japanese corporation with its principal place of business located at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.  **Canon USA, Inc.** is registered to do business as a foreign corporation in Texas.  Canon USA has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Upon information and belief, **Canon, Inc.** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  **Canon, Inc.** may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Hereinafter **Canon USA, Inc.** and **Canon, Inc.** will be collectively referred to as "Canon."

8.      Upon information and belief, Defendant, **Nikon Inc.** is a New York corporation with its principal place of business at 1300 Walt Whitman Rd., Melville, NY 11747.  **Nikon Inc.** is registered to do business as a foreign corporation in Texas and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Upon further information and

belief, Defendant, **Nikon Corporation** is a Japanese corporation with its principal place of business at Fuji Bldg., 2-3 Marunouchi 3-chome, Chiyoda-ku, Tokyo 100-8 331, Japan.  **Nikon Corporation** may be served at Fuji Bldg., 2-3 Marunouchi 3-chome, Hiyodaku, Tokyo 100-8-331, Japan    Upon further information and belief, Defendant, **Nikon Americas Inc.** is a Delaware corporation with its principal place of business at 1300 Walt Whitman Rd., Melville, NY 11747.   **Nikon Americas Inc.** has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process. Hereinafter **Nikon Inc.**, **Nikon Corporation**, and **Nikon Americas Inc.** will be collectively referred to as "Nikon."

9.      Upon information and belief, **Olympus Corporation of the Americas** is, and at all relevant times mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034.  **Olympus Corporation of the Americas** is authorized to do business in Texas and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Upon further information and belief, **Olympus Corp.** is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at Shinjuku Monolith, 2-3-1 Nishi-Shinjuku, Shinjuku-ku, Tokyo 163-0914, Japan.   Upon information and belief, **Olympus Corp.** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  **Olympus Corp.** may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Upon information and belief, **Olympus Imaging America Inc.** is, and at all relevant times mentioned

4

herein was, a corporation organized under the laws of Delaware, having its principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034.  **Olympus Imaging America Inc.** is authorized to do business in Texas has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Upon information and belief **Olympus Imaging Corp.**, is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at Shinjuku Monolith, 3-1 Nishi-Shinjuku 2-chome, Shinjuku-ku, Tokyo 163-0914, Japan.  Upon information and belief, **Olympus Imaging Corp**. is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. **Olympus Imaging Corp.** may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Upon further information and belief, **Olympus America Inc.** is, and at all relevant times mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034.  **Olympus America Inc.** is authorized to do business in Texas has appointed United States Corporation, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Hereinafter **Olympus Corporation of the Americas, Olympus Corp., Olympus Imaging America Inc., Olympus Imaging Corp.** and **Olympus America Inc.** will be collectively referred to as "Olympus."

10.     Upon further information and belief, Defendant, **Fujifilm Corporation** (hereafter "Fujifilm Corp."), is a corporation organized and existing under the laws of Japan, with a principal place of business located at Midtown West, 7-3, Akasalca 9-chome, Minato-ku, Tokyo 107-0052, Japan.  Upon information and belief, **Fujifilm Corp.** is a nonresident of Texas that

5

engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  **Fujifilm Corp.** may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Upon further information and belief, Defendant, **Fujifilm North America Corporation** f/k/a Fujifilm U.S.A., Inc. (hereafter "Fujifilm USA"), is a corporation organized and existing under the laws of New York, with a principal place of business located at 200 Summit Lake Drive, Valhalla, New York 10595.  **Fujifilm USA** is authorized to do business in Texas has appointed Prentice-Hall Corp. Systems, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Hereinafter, Fujifilm Corp. and Fujifilm USA will be collectively referred to as "Fujifilm."

11.     Upon information and belief, Defendant, **Konica Minolta Holdings U.S.A., Inc.**, (hereinafter "Konica USA") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 100 Williams Drive, Ramsey, NJ 07446. Konica USA has appointed Corporation Service Company at 830 Bear Tavern Road West, Trenton, NJ 08628 as its agent for service of process.  Upon further information and belief, Defendant, **Konica Minolta Business Solutions U.S.A., Inc.** (hereinafter "KMBS USA") is a New York corporation with its principal place of business at 100 Williams Drive, Ramsey, NJ 07446.  KMBS USA is registered to do business as a foreign corporation in Texas has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.  Hereinafter Konica USA and KMBS USA will be collectively referred to as "Konica Minolta."

12.     Upon information and belief, Defendant **Pentax of America, Inc.** is a corporation organized and existing under the laws of the State of Delaware with its principal place of

business located at 102 Chestnut Ridge Road, Montvale, New Jersey 07645.  **Pentax of America, Inc.** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Upon further information and belief, Defendant **Hoya Corporation** is a Japanese corporation with its principal place of business located at 2-7-5 Naka-Ochiai, Shinjuku-ku, Tokyo 161-8525 Japan.   Upon further information and belief, **Hoya Corporation** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Upon further information and belief, Defendant **Hoya Corporation USA** is a California corporation with its principal place of business located at 3285 Scott Blvd., Santa Clara, California 95054.  **Hoya Corporation USA** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state and has appointed Edwin Mangalindan, 504 Lavaca, Suite 920, Austin, Texas 78701 as its agent for service of process.  Hereinafter **Pentax of America, Inc.**, **Hoya Corporation**, and **Hoya Corporation USA** will be collectively referred to as "Pentax."

13.      Upon information and belief Defendant, **Eastman Kodak Company** (hereinafter "Kodak"), is a corporation organized and existing under the laws of New Jersey, with a principal place of business located at 343 State Street, Rochester, New York 14650.  **Eastman Kodak Company** is registered to do business as a foreign corporation in Texas and has appointed CT Corp Systems, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201 as its agent for service of process.

14.     Upon information and belief, Defendant **Lenovo Group Limited** (hereinafter "Lenovo Group") is a Hong Kong corporation located at 23rd Fl., Lincoln House, Taikoo Place, 979 King's Rd., Quarry Bay Hong Kong; and its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.   Lenovo Group may be served at 1009 Think Place, Morrisville, North Carolina 27560 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.  Upon further information and belief, Defendant **Lenovo (United States) Inc.** (hereinafter "Lenovo US") is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.  **Lenovo US** is registered to do business as a foreign corporation in Texas and has appointed CT Corporation System, 350 North St Paul Street, Dallas, TX 75201 as its agent for service of process.  Hereinafter **Lenovo Group Limited** and **Lenovo (United States) Inc.** will be collectively referred to as "Lenovo."

## III.     JURISDICTION AND VENUE

15.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284 and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

16.     This Court has personal jurisdiction over each of the Defendants, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and 1400.

## IV.     PLAINTIFF'S PATENTS

17.     The '597 Patent teaches an interrupt enable circuit to enable and disable the interrupt at any time except under certain conditions, at which time the system can override the interrupt mask.  Electronic devices practicing the inventions claimed in the '597 Patent, such as

digital cameras, can exit certain processes or states without using a hardware reset and thus protect against unnecessary information loss.  Further, through the use of the inventions claimed in the '597 Patent, such electronic devices can prevent situations where the processor is locked in a certain state because all interrupts were masked by software when the processor entered such state.

18.     The '689 Patent discloses a clock generator and interrupt bypass circuit for use in reducing the power consumption of the electrical system in which they are implemented.  The clock generator may provide module clock signals for sequencing modules within the same electrical system, and is capable of generating those module clock signals when in an active mode, and of not generating those module clock signals when in a stand-by mode.  The clock generator is further capable of providing a delay of a predetermined length from a request to enter shut-down mode to actual entry into shut-down mode, allowing time to prepare the electrical system for shut-down mode.  The interrupt bypass circuit may provide a means of leaving shut-down mode in the event that the relevant interrupt requests have been masked.

19.     The '873 Patent discloses a device and method for interprocessor communication in a multi-processor architecture, such as a "post office" memory, that contains a plurality of mailboxes.  Each of the mailboxes is "owned" by a processor device and read accessible by the other processor devices of the multi-processor system, thereby eliminating the need for complex bus arbitration logic.  The claimed apparatus and method thus provides for, *inter alia*, improved information transfer between processor devices and enhances the speed of inter-processor communication.

20.     Norman has obtained all substantial right and interest to the Patent, including all

rights to recover for all past and future infringements thereof.

## V.      LICENSING RELATED TO THE PATENTS

21.      On February 1, 2010, Saxon Innovations, LLC ("Saxon") assigned to Norman IP Holdings LLC all right, title, and interest in the Patents.  Saxon had acquired the asserted Patents through a Patent Purchase Agreement between Saxon and Saxon IP Assets, LLC ("Seller") effective as of July 6, 2007 ("the Patent Purchase Agreement").

22.      Norman's business includes acquisition and licensing of intellectual property.  In that regard, Norman has licensed the Patents to numerous Fortune 1000 companies.  Norman has also entered into settlement agreements in litigation in the Eastern District of Texas and in the International Trade Court, where it agreed to dismiss its enforcement actions against a number of companies, including among others, HTC, LG, Nokia, Casio, RIM, Sharp and Nintendo.

## VI.      DEFENDANTS' ACTS

### Canon

23.      Canon manufactures, provides, sells, offers for sale and/or distributes infringing systems.  The infringing Canon systems include, but are not limited to, systems marketed under the names Canon PowerShot S90, Canon PowerShot SD1300 IS, Canon EOS 60D, Canon VIXIA HF M30, and related products.  Canon provides related services, specifications and instructions for the installation and operation of such systems to its customers.

24.      Through its actions, Canon has infringed the '689 Patent and '597 Patent and actively induced others to infringe and contributed to the infringement by others of the '689 Patent and '597 Patent throughout the United States.

25.      Norman has been and will continue to suffer damages as a result of Defendant Canon's infringing acts unless and until enjoined.

**Nikon**

26.      Nikon manufactures, provides, sells, offers for sale and/or distributes infringing systems. The infringing Nikon systems include, but are not limited to, systems marketed under the name Nikon D70, Nikon Coolpix L22, Nikon Coolpix S6000, and related products. Nikon provides related services, specifications and instructions for the installation and operation of such systems to its customers.

27.      Through its actions, Nikon has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

28.      Norman has been and will continue to suffer damages as a result of Defendant Nikon's infringing acts unless and until enjoined.

**Olympus**

29.      Olympus manufactures, provides, sells, offers for sale and/or distributes infringing systems. The infringing Olympus systems include, but are not limited to, systems marketed under the name Olympus T-100, Olympus FE-46, Olympus SP-600UZ, Olympus FE-340, and related products. Olympus provides related services, specifications and instructions for the installation and operation of such systems to its customers.

30.      Through its actions, Olympus has infringed the '689 Patent and '597 Patent and actively induced others to infringe and contributed to the infringement by others of the '689 Patent and '597 Patent throughout the United States.

31.      Norman has been and will continue to suffer damages as a result of Defendant

Olympus's infringing acts unless and until enjoined.

**Fujifilm**

32.     Fujifilm manufactures, provides, sells, offers for sale and/or distributes infringing systems.  The infringing Fujifilm systems include, but are not limited to, systems marketed under the name Fujifilm FinePix A345, Fujifilm FinePix S1500, Fujifilm HS10, Fujifilm J50, Fujifilm FinePix A345, and related products.  Fujifilm provides related services, specifications and instructions for the installation and operation of such systems to its customers.

33.     Through its actions, Fujifilm has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

34.     Norman has been and will continue to suffer damages as a result of Defendant Fujifilm's infringing acts unless and until enjoined.

**Konica Minolta**

35.     Konica Minolta manufactures, provides, sells, offers for sale and/or distributes infringing systems.  The infringing Konica Minolta systems include, but are not limited to, systems marketed under the name Konica Minolta Magicolor 1650EN, Konica Minolta Dimage E500, and related products.  Konica Minolta provides related services, specifications and instructions for the installation and operation of such systems to its customers.

36.     Through its actions, Konica Minolta has infringed the '689 Patent and '597 Patent and actively induced others to infringe and contributed to the infringement by others of the '689 Patent and '597 Patent throughout the United States.

37.     Norman has been and will continue to suffer damages as a result of Defendant Konica Minolta's infringing acts unless and until enjoined.

### Pentax

38.     Pentax manufactures, provides, sells, offers for sale and/or distributes infringing systems.  The infringing Pentax systems include, but are not limited to, systems marketed under the name Pentax K-7, Pentax K20D, Pentax Optio A30, and related products.  Pentax provides related services, specifications and instructions for the installation and operation of such systems to its customers.

39.     Through its actions, Pentax has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

40.     Norman has been and will continue to suffer damages as a result of Defendant Pentax's infringing acts unless and until enjoined.

### Kodak

41.     Kodak manufactures, provides, sells, offers for sale and/or distributes infringing systems.  The infringing Kodak systems include, but are not limited to, systems marketed under the name Kodak PlaySport (Zx3) Video Camera, Kodak EasyShare Z1285, Kodak EasyShare M1073, and related products.  Kodak provides related services, specifications and instructions for the installation and operation of such systems to its customers.

42.     Through its actions, Kodak has infringed the '689 Patent and '597 Patent and actively induced others to infringe and contributed to the infringement by others of the '689 Patent and '597 Patent throughout the United States.

43.     Norman has been and will continue to suffer damages as a result of Defendant Kodak's infringing acts unless and until enjoined.

### Lenovo

44.     Lenovo manufactures, provides, sells, offers for sale and/or distributes infringing systems.  The infringing Lenovo systems include, but are not limited to, systems marketed under the name Thinkpad X201 (when equipped with Gobi 2000 3G), other ThinkPad models equipped with Gobi 2000 3G, and related products.  Lenovo provides related services, specifications and instructions for the installation and operation of such systems to its customers.

45.     Through its actions, Lenovo has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

46.     Norman has been and will continue to suffer damages as a result of Defendant Lenovo's infringing acts unless and until enjoined.

## VII.   WILLFULNESS

47.     Plaintiff Norman alleges upon information and belief that, as of the date of the filing of this Complaint, Defendants Nikon, Olympus, Fujifilm, and Kodak have knowingly or with reckless disregard willfully infringed the '597 Patent and '689 Patent.  At least these Defendants have been provided written notice of infringement of the '597 Patent and '689 Patent.  Each Defendant acted despite an objectively high likelihood that their actions constituted infringement of Norman's valid patent rights.

48.     This objectively-defined risk was either known or so obvious that it should have been known to each Defendant.  Norman seeks enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT ONE
### PATENT INFRINGEMENT—U.S. PATENT NO. 5,530,597

49.     Plaintiff Norman realleges and incorporates herein paragraphs 1 - 48.

50.     Defendants have infringed the '597 Patent.

51.     Defendants have indirectly infringed the '597 Patent by inducing the infringement of the '597 Patent and contributing to the infringement of the '597 Patent.

52.     Upon information and belief, Defendants have jointly infringed the '597 Patent.

53.     Defendants' aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO.  5,502,689

54.     Plaintiff Norman realleges and incorporates herein paragraphs 1 - 48.

55.     Defendants have infringed the '689 Patent.

56.     Defendants have indirectly infringed the '689 Patent by inducing the infringement of the '689 Patent and contributing to the infringement of the '689 Patent.

57.     Upon information and belief, Defendants have jointly infringed the '689 Patent.

58.     Defendants' aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## COUNT THREE
## PATENT INFRINGEMENT—U.S. PATENT NO.  5,608,873

59.     Plaintiff Norman realleges and incorporates herein paragraphs 1 - 48.

60.     Defendants Nikon, Fujifilm, Pentax, and Lenovo have infringed the '873 Patent.

61.     Defendants Nikon, Fujifilm, Pentax, and Lenovo have indirectly infringed the

'873 Patent by inducing the infringement of the '873 Patent and contributing to the infringement of the '873 Patent.

62.     Upon information and belief, Defendants Nikon, Fujifilm, Pentax, and Lenovo have jointly infringed the '873 Patent.

63.     The aforementioned acts of Defendants Nikon, Fujifilm, Pentax, and Lenovo have caused damage to Norman and will continue to do so unless and until enjoined.

## VII.    JURY DEMAND

31.     Plaintiff Norman hereby demands a jury on all issues so triable.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Norman respectfully requests that the Court:

A.     Permanently enjoin each Defendant, its agents, servants and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the Patents;

B.     Award Plaintiff Norman past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C.     Declare this case exceptional pursuant to 35 U.S.C. §285; and

D.     Award Plaintiff Norman its costs, disbursements, attorneys' fees and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated:  <u>February 17, 2011</u>                         By:<u> /s/ Andrew G. DiNovo</u>_____

Andrew G.  DiNovo

Texas State Bar No. 00790594

**DiNovo Price Ellwanger & Hardy LLP**

7000 N.  MoPac Expressway, Suite 350

Austin, Texas  78731

Telephone:  (512) 539-2626

Telecopier:  (512) 539-2627

Chester J. Shiu

Texas State Bar No. 24071126

**DiNovo Price Ellwanger & Hardy LLP**

7000 N.  MoPac Expressway, Suite 350

Austin, Texas  78731

Telephone:  (512) 539-2626

Telecopier:  (512) 539-2627