**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Norman IP Holdings, LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No.  6:11-cv-00084-LED |
| | § |
| Canon USA, Inc.; Canon, Inc.; Nikon Inc.; | § |
| Nikon Corporation; Nikon Precision Inc., | § **Jury Trial Demanded** |
| Nikon Americas Inc.; Olympus Corporation of | § |
| the Americas; Olympus Corp.; Olympus | § |
| Imaging Corp.; Olympus Imaging America | § |
| Inc.; Olympus America Inc.;    Fujifilm | § |
| Corporation;   Fujifilm    North   America | § |
| Corporation f/k/a Fujifilm U.S.A., Inc.; Konica | § |
| Minolta Holdings U.S.A., Inc.; Konica Minolta | § |
| Business Solutions U.S.A., Inc.; Pentax of | § |
| America, Inc.;  Hoya  Corporation;  Hoya | § |
| Corporation USA; Eastman Kodak Company; | § |
| Lenovo Group Limited; and Lenovo (United | § |
| States) Inc., | § |
| | § |
| Defendants. | § |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Norman IP Holdings, LLC ("Norman"), by and through its attorneys, for its Original

Complaint against Defendants Canon USA, Inc.; Canon, Inc.; Nikon Inc.; Nikon Corporation;

Nikon Precision Inc.; Nikon Americas Inc.; Olympus Corporation of the Americas; Olympus

Corp.; Olympus Imaging Corp.; Olympus Imaging America Inc.; Olympus America Inc.;

Fujifilm Corporation; Fujifilm North America Corporation f/k/a Fujifilm U.S.A., Inc.; Konica

Minolta Holdings U.S.A., Inc.; Konica Minolta Business Solutions U.S.A., Inc.; Pentax of

America, Inc.; Hoya Corporation; Hoya Corporation USA; Eastman Kodak Company; Lenovo

Group Limited; and Lenovo (United States) Inc., hereby alleges as follows:

## I.      NATURE OF THE ACTION

1.      This is a patent infringement action to end Defendants' unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff Norman's patented inventions.

2.      Norman is owner of all right, title, and interest in and to:  United States Patent No. 5,530,597 (the "'597 Patent"), issued on June 25, 1996, for "Apparatus and Method for Disabling Interrupt Masks in Processors or the Like"; United States Patent No. 5,502,689 (the "'689 Patent"), issued March 26, 1996, for "Clock Generator Capable of Shut-Down Mode and Clock Generation Method"; United States Patent No. 5,608,873 (the "'873 Patent"), issued March 4, 1997, for "Device and Method for Interprocessor Communication Using Mailboxes Owned by Processor Devices"; and United States Patent No. 5,592,555 (the "'555 Patent"), issued January 7, 1997, for "Wireless Communications Privacy Method and System" (collectively, the "Patents").  True and correct copies of the Patents are attached hereto as Exhibits 1–4.

3.      Each of the Defendants manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner; and/or contributes to the making and use of infringing products and services by others, including their customers, who directly infringe the Patents.

4.      Plaintiff Norman seeks injunctive relief to prevent Defendants from continuing infringement of Plaintiff's valuable patent rights.  Plaintiff Norman further seeks monetary damages and prejudgment interest for Defendants' past infringement of the Patents.

5.      This is an exceptional case, and Norman is entitled to damages, enhanced

damages, attorneys' fees, costs, and expenses.

## II.      THE PARTIES

6.      Plaintiff Norman is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 E. Ferguson, Suite 816, Tyler, Texas 75702.

7.      Upon information and belief, Defendant **Canon USA, Inc.** is a New York corporation with its principal place of business located at One Canon Plaza, Lake Success, New York 11042.   Upon further information and belief, Defendant **Canon, Inc.** is a Japanese corporation with its principal place of business located at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.   **Canon USA, Inc.** is registered to do business as a foreign corporation in Texas.   Canon USA has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.   Upon information and belief, **Canon, Inc.** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.   **Canon, Inc.** may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.   Hereinafter **Canon USA, Inc.** and **Canon, Inc.** will be collectively referred to as "Canon."

8.      Upon information and belief, Defendant, **Nikon Inc.** is a New York corporation with its principal place of business at 1300 Walt Whitman Rd., Melville, NY 11747.   **Nikon Inc.** is registered to do business as a foreign corporation in Texas and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.   Upon further information and

belief, Defendant, **Nikon Corporation** is a Japanese corporation with its principal place of business at Fuji Bldg., 2-3 Marunouchi 3-chome, Chiyoda-ku, Tokyo 100-8 331, Japan.  **Nikon Corporation** may be served at Fuji Bldg., 2-3 Marunouchi 3-chome, Hiyodaku, Tokyo 100-8-331, Japan.   Upon further information and belief, Defendant, **Nikon Precision Inc.** is a California corporation with its principal place of business at 1399 Shoreway Road, Belmont, CA 94002-4107.  **Nikon Precision Inc.** may be served with process through its counsel, which has agreed to accept service of process on its behalf.   Upon further information and belief, Defendant, **Nikon Americas Inc.** is a Delaware corporation with its principal place of business at 1300 Walt Whitman Rd., Melville, NY 11747.   **Nikon Americas Inc.** has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.   Hereinafter **Nikon Inc.**, **Nikon Precision Inc.**, and **Nikon Americas Inc.** will be collectively referred to as "Nikon."

　　　9.　　　Upon information and belief, **Olympus Corporation of the Americas** is, and at all relevant times mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034.  **Olympus Corporation of the Americas** is authorized to do business in Texas and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.   Upon further information and belief, **Olympus Corp.** is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at Shinjuku Monolith, 2-3-1 Nishi-Shinjuku, Shinjuku-ku, Tokyo 163-0914, Japan.   Upon information and belief, **Olympus Corp.** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for

service of process in this state.  **Olympus Corp.** may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Upon information and belief, **Olympus Imaging America Inc.** is, and at all relevant times mentioned herein was, a corporation organized under the laws of Delaware, having its principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034.  **Olympus Imaging America Inc.** is authorized to do business in Texas and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Upon information and belief **Olympus Imaging Corp.**, is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at Shinjuku Monolith, 3-1 Nishi-Shinjuku 2-chome, Shinjuku-ku, Tokyo 163-0914, Japan.  Upon information and belief, **Olympus Imaging Corp**. is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  **Olympus Imaging Corp.** may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Upon further information and belief, **Olympus America Inc.** is, and at all relevant times mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034.  **Olympus America Inc.** is authorized to do business in Texas and has appointed United States Corporation, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Hereinafter **Olympus Corporation of the Americas**, **Olympus Corp.**, **Olympus Imaging America Inc.**, **Olympus Imaging Corp.**, and **Olympus America Inc.** will be collectively referred to as "Olympus."

10.     Upon further information and belief, Defendant, **Fujifilm Corporation** (hereafter "Fujifilm Corp."), is a corporation organized and existing under the laws of Japan, with a principal place of business located at Midtown West, 7-3, Akasalca 9-chome, Minato-ku, Tokyo 107-0052, Japan.  Upon information and belief, **Fujifilm Corp.** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  **Fujifilm Corp.** may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Upon further information and belief, Defendant, **Fujifilm North America Corporation** f/k/a Fujifilm U.S.A., Inc. (hereafter "Fujifilm USA"), is a corporation organized and existing under the laws of New York, with a principal place of business located at 200 Summit Lake Drive, Valhalla, New York 10595.  **Fujifilm USA** is authorized to do business in Texas and has appointed Prentice-Hall Corp. Systems, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Hereinafter, **Fujifilm Corp.** and **Fujifilm USA** will be collectively referred to as "Fujifilm."

11.     Upon information and belief, Defendant, **Konica Minolta Holdings U.S.A., Inc.**, (hereinafter "Konica USA") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 100 Williams Drive, Ramsey, NJ 07446. Konica USA has appointed Corporation Service Company at 830 Bear Tavern Road West, Trenton, NJ 08628 as its agent for service of process.  Upon further information and belief, Defendant, **Konica Minolta Business Solutions U.S.A., Inc.** (hereinafter "KMBS USA") is a New York corporation with its principal place of business at 100 Williams Drive, Ramsey, NJ 07446.  KMBS USA is registered to do business as a foreign corporation in Texas and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company,

211 E. 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.  Hereinafter Konica USA and KMBS USA will be collectively referred to as "Konica Minolta."

12.     Upon information and belief, Defendant **Pentax of America, Inc.** is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 102 Chestnut Ridge Road, Montvale, New Jersey 07645.  **Pentax of America, Inc.** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Upon further information and belief, Defendant **Hoya Corporation** is a Japanese corporation with its principal place of business located at 2-7-5 Naka-Ochiai, Shinjuku-ku, Tokyo 161-8525 Japan.   Upon further information and belief, **Hoya Corporation** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state and has appointed Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Upon further information and belief, Defendant **Hoya Corporation USA** is a California corporation with its principal place of business located at 3285 Scott Blvd., Santa Clara, California 95054.  **Hoya Corporation USA** is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state and has appointed Edwin Mangalindan, 504 Lavaca, Suite 920, Austin, Texas 78701 as its agent for service of process.  Hereinafter **Pentax of America, Inc.**, **Hoya Corporation**, and **Hoya Corporation USA** will be collectively referred to as "Pentax."

13.     Upon information and belief Defendant, **Eastman Kodak Company** (hereinafter "Kodak"), is a corporation organized and existing under the laws of New Jersey, with a principal

place of business located at 343 State Street, Rochester, New York 14650. **Eastman Kodak Company** is registered to do business as a foreign corporation in Texas and has appointed CT Corp Systems, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201 as its agent for service of process.

14.     Upon information and belief, Defendant **Lenovo (United States) Inc.** (hereinafter "Lenovo") is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.  Lenovo is registered to do business as a foreign corporation in Texas and has appointed CT Corporation System, 350 North St Paul Street, Dallas, TX 75201 as its agent for service of process.  Lenovo may be served with process through its counsel, which has agreed to accept service of process on its behalf.

### III.     JURISDICTION AND VENUE

15.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

16.     This Court has personal jurisdiction over each of the Defendants, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

### IV.     PLAINTIFF'S PATENTS

17.     The '597 Patent teaches an interrupt enable circuit to enable and disable the interrupt at any time except under certain conditions, at which time the system can override the interrupt mask.  Electronic devices practicing the inventions claimed in the '597 Patent, such as digital cameras, can exit certain processes or states without using a hardware reset and thus protect against unnecessary information loss.  Further, through the use of the inventions claimed in the '597 Patent, such electronic devices can prevent situations where the processor is locked in

a certain state because all interrupts were masked by software when the processor entered such state.

18.     The '689 Patent discloses a clock generator and interrupt bypass circuit for use in reducing the power consumption of the electrical system in which they are implemented. The clock generator may provide module clock signals for sequencing modules within the same electrical system, and is capable of generating those module clock signals when in an active mode, and of not generating those module clock signals when in a stand-by mode. The clock generator is further capable of providing a delay of a predetermined length from a request to enter shut-down mode to actual entry into shut-down mode, allowing time to prepare the electrical system for shut-down mode. The interrupt bypass circuit may provide a means of leaving shut-down mode in the event that the relevant interrupt requests have been masked.

19.     The '873 Patent discloses a device and method for interprocessor communication in a multi-processor architecture, such as a "post office" memory, that contains a plurality of mailboxes. Each of the mailboxes is "owned" by a processor device and read accessible by the other processor devices of the multi-processor system, thereby eliminating the need for complex bus arbitration logic. The claimed apparatus and method thus provides for, *inter alia*, improved information transfer between processor devices and enhances the speed of inter-processor communication.

20.     The '555 Patent discloses a system and method for processing and securing communication signals over a wireless communications network. An enciphering algorithm may be programmatically selected and applied to the signals.

21.     Norman has obtained all substantial right and interest to the Patents, including all

rights to recover for all past and future infringements thereof.

## V.      LICENSING RELATED TO THE PATENTS

22.     On February 1, 2010, Saxon Innovations, LLC ("Saxon") assigned to Norman IP Holdings LLC all right, title, and interest in the Patents.  Saxon had acquired the asserted Patents through a Patent Purchase Agreement between Saxon and Saxon IP Assets, LLC ("Seller") effective as of July 6, 2007 ("the Patent Purchase Agreement").

23.     Norman's business includes acquisition and licensing of intellectual property.  In that regard, Norman has licensed the Patents to numerous Fortune 1000 companies.  Norman has also entered into settlement agreements in litigation in the Eastern District of Texas and in the International Trade Court, where it agreed to dismiss its enforcement actions against a number of companies, including among others, HTC, LG, Nokia, Casio, RIM, Sharp, and Nintendo.

## VI.     DEFENDANTS' ACTS

**Canon**

24.     Canon manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Canon systems include, but are not limited to, systems marketed under the names Canon PowerShot S90, Canon PowerShot SD1300 IS, Canon EOS 60D, Canon VIXIA HF M30, and related products.  With knowledge of the Patents, Canon provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

25.     Through its actions, Canon has infringed the '689 Patent, '597 Patent, and '555 Patent and actively induced others to infringe and contributed to the infringement by others of the '689 Patent, '597 Patent, and '555 Patent throughout the United States.

26.     Norman has been and will continue to suffer damages as a result of Defendant

Canon's infringing acts unless and until enjoined.

### **Nikon**

27.     Nikon manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Nikon systems include, but are not limited to, systems marketed under the name Nikon D70, Nikon Coolpix L22, Nikon Coolpix S6000, and related products.  With knowledge of the Patents, Nikon provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

28.     Through its actions, Nikon has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

29.     Norman has been and will continue to suffer damages as a result of Defendant Nikon's infringing acts unless and until enjoined.

### **Olympus**

30.     Olympus manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Olympus systems include, but are not limited to, systems marketed under the name Olympus T-100, Olympus FE-46, Olympus SP-600UZ, Olympus FE-340, and related products.  With knowledge of the Patents, Olympus provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

31.     Through its actions, Olympus has infringed the '689 Patent, '597 Patent, and '555 Patent, and actively induced others to infringe and contributed to the infringement by others of the '689 Patent, '597 Patent, and '555 Patent throughout the United States.

32.     Norman has been and will continue to suffer damages as a result of Defendant Olympus's infringing acts unless and until enjoined.

**Fujifilm**

33.     Fujifilm manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Fujifilm systems include, but are not limited to, systems marketed under the name Fujifilm FinePix A345, Fujifilm FinePix S1500, Fujifilm HS10, Fujifilm J50, and related products.  With knowledge of the Patents, Fujifilm provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

34.     Through its actions, Fujifilm has infringed each of the Patents, and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

35.     Norman has been and will continue to suffer damages as a result of Defendant Fujifilm's infringing acts unless and until enjoined.

**Konica Minolta**

36.     Konica Minolta manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Konica Minolta systems include, but are not limited to, systems marketed under the name Konica Minolta Magicolor 4650EN/DN, Konica Minolta Magicolor 1650EN, and related products.  With knowledge of the Patents, Konica Minolta provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

37.     Through its actions, Konica Minolta has infringed the '689 Patent, '597 Patent,

and '555 Patent, and actively induced others to infringe and contributed to the infringement by others of the '689 Patent, '597 Patent, and '555 Patent throughout the United States.

38.     Norman has been and will continue to suffer damages as a result of Defendant Konica Minolta's infringing acts unless and until enjoined.

## Pentax

39.     Pentax manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Pentax systems include, but are not limited to, systems marketed under the name Pentax K-7, Pentax K20D, Pentax Optio A30, and related products.  With knowledge of the Patents, Pentax provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

40.     Through its actions, Pentax has infringed the '689 Patent, '597 Patent, and '873 Patent, and actively induced others to infringe and contributed to the infringement by others of the '689 Patent, '597 Patent, and '873 Patent throughout the United States.

41.     Norman has been and will continue to suffer damages as a result of Defendant Pentax's infringing acts unless and until enjoined.

## Kodak

42.     Kodak manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Kodak systems include, but are not limited to, systems marketed under the name Kodak PlaySport (Zx3) Video Camera, Kodak EasyShare Z1285, Kodak EasyShare M1073, and related products.  With knowledge of the Patents, Kodak provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

First Amended Complaint

43.     Through its actions, Kodak has infringed the '689 Patent, '597 Patent, and '555 Patent, and actively induced others to infringe and contributed to the infringement by others of the '689 Patent, '597 Patent, and '555 Patent throughout the United States.

44.     Norman has been and will continue to suffer damages as a result of Defendant Kodak's infringing acts unless and until enjoined.

**Lenovo**

45.     Lenovo manufactures, provides, sells, offers for sale, and/or distributes infringing systems.  The infringing Lenovo systems include, but are not limited to, systems marketed under the name Thinkpad X201 (when equipped with Gobi 2000 3G), other ThinkPad models equipped with Gobi 2000 3G, and related products.  With knowledge of the Patents, Lenovo provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

46.     Through its actions, Lenovo has infringed each of the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

47.     Norman has been and will continue to suffer damages as a result of Defendant Lenovo's infringing acts unless and until enjoined.

## VII.    WILLFULNESS

48.     Plaintiff Norman alleges upon information and belief that, as of the date of the filing of this Complaint, Defendants Nikon, Olympus, Fujifilm, and Kodak have knowingly or with reckless disregard willfully infringed the '597 Patent and '689 Patent.  At least these Defendants have been provided written notice of infringement of the '597 Patent and '689 Patent.  Each of the foregoing Defendants acted despite an objectively high likelihood that their

actions constituted infringement of Norman's valid patent rights.

49.     This objectively-defined risk was either known or so obvious that it should have been known to each of these Defendants.  Norman seeks enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 5,530,597

50.     Plaintiff Norman realleges and incorporates herein paragraphs 1–49.

51.     Defendants have infringed the '597 Patent.

52.     Defendants have indirectly infringed the '597 Patent by inducing the infringement of the '597 Patent and contributing to the infringement of the '597 Patent.

53.     Upon information and belief, Defendants have jointly infringed the '597 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

54.     Defendants' aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO.  5,502,689

55.     Plaintiff Norman realleges and incorporates herein paragraphs 1–49.

56.     Defendants have infringed the '689 Patent.

57.     Defendants have indirectly infringed the '689 Patent by inducing the infringement of the '689 Patent and contributing to the infringement of the '689 Patent.

58.     Upon information and belief, Defendants have jointly infringed the '689 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

59.     Defendants' aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## COUNT THREE
## PATENT INFRINGEMENT—U.S. PATENT NO.  5,608,873

60.     Plaintiff Norman realleges and incorporates herein paragraphs 1–49.

61.     Defendants Nikon, Fujifilm, Pentax, and Lenovo have infringed the '873 Patent.

62.     Defendants Nikon, Fujifilm, Pentax, and Lenovo have indirectly infringed the '873 Patent by inducing the infringement of the '873 Patent and contributing to the infringement of the '873 Patent.

63.     Upon information and belief, Defendants Nikon, Fujifilm, Pentax, and Lenovo have jointly infringed the '873 Patent including by controlling and/or directing others to perform one or more of the claimed method steps.

64.     The aforementioned acts of Defendants Nikon, Fujifilm, Pentax, and Lenovo have caused damage to Norman and will continue to do so unless and until enjoined.

FIRST AMENDED COMPLAINT

## COUNT FOUR
## PATENT INFRINGEMENT—U.S. PATENT NO.  5,592,555

1.      Plaintiff Norman realleges and incorporates herein paragraphs 1–49.

2.      Defendants Canon, Nikon, Olympus, Fujifilm, Konica-Minolta, Kodak, and Lenovo have infringed the '555 Patent.

3.      Defendants Canon, Nikon, Olympus, Fujifilm, Konica-Minolta, Kodak, and Lenovo have indirectly infringed the '555 Patent by inducing the infringement of the '555 Patent and contributing to the infringement of the '555 Patent.

4.      Upon information and belief, Defendants Canon, Nikon, Olympus, Fujifilm, Konica-Minolta, Kodak, and Lenovo have jointly infringed the '555 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

5.      The aforementioned acts of Defendants Canon, Nikon, Olympus, Fujifilm, Konica-Minolta, Kodak, and Lenovo have caused damage to Norman and will continue to do so unless and until enjoined.

## VII.   JURY DEMAND

31.     Plaintiff Norman hereby demands a jury on all issues so triable.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Norman respectfully requests that the Court:

A.      Permanently enjoin each Defendant, its agents, servants, and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the Patents;

B.      Award Plaintiff Norman past and future damages together with prejudgment and post-judgment interest to compensate for the

infringement by Defendants of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C.      Declare this case exceptional pursuant to 35 U.S.C. §285; and

D.      Award Plaintiff Norman its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.


Respectfully submitted,


Dated:  July 1, 2011                        By: /s/ Andrew G. DiNovo
                                                Andrew G.  DiNovo
                                                Texas State Bar No. 00790594
                                                Adam G. Price
                                                Texas State Bar No. 24027750
                                                Chester J. Shiu
                                                Texas State Bar No. 24071126
                                                **DiNovo Price Ellwanger & Hardy LLP**
                                                7000 N.  MoPac Expressway, Suite 350
                                                Austin, Texas  78731
                                                Telephone:  (512) 539-2626
                                                Telecopier:  (512) 539-2627

FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 1st of July, 2011.

/s/ Andrew G. DiNovo

Andrew G. DiNovo

Lance Lee
Attorney at Law
5511 Plaza Drive
Texarkana, TX 75503
Email: wlancelee@aol.com

Michael Sandonato
Fitzpatrick Cella Harper & Scinto
1290 Avenue of the Americas
New York, NY 10104-3800
Email: MSandonato@FCHS.com

*Attorneys for Defendants:*
*Canon USA, Inc. and Canon, Inc.*

John Kenny
Kenyon & Kenyon
One Broadway
New York, NY 10004
Email: jkenny@kenyon.com

*Attorneys for Defendants:*
*Olympus Corporation of the Americas,*
*Olympus Corp., Olympus Imaging Corp.,*
*Olympus Imaging America Inc. and Olympus*
*America Inc.*

David Knudson
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101
Email: david.knudson@dlapiper.com

Steven Routh
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005-1706
Email: srouth@orrick.com

*Attorneys for Defendants:*
*Fujifilm Corporation, Fujifilm North America*
*Corporation, Konica Minolta Holdings U.S.A.,*
*Inc. and Konica Minolta Business Solutions*
*U.S.A., Inc.*

Rick  Rambo
Morgan Lewis & Bockius
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Email: rrambo@morganlewis.com

*Attorneys for Defendant:*
*Nikon Inc., Nikon Corporation and*
*Nikon Americas Inc.*

Christopher Peter Broderick
DLA Piper LLP
1999 Avenue of the Stars, Ste 400
Los Angeles, CA 90067-6023
Email: christopher.broderick@dlapiper.com

FIRST AMENDED COMPLAINT

Jennifer Trusso
Russell Hill
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626
Email: jtrusso@sheppardmullin.com
Email: rhill@sheppardmullin.com

*Attorneys for Defendants:*
*Eastman Kodak Company and*
*Lenovo Group Limited*

Eric Hugh Findlay
Findlay Craft
6760 Old Jacksonville Hwy., Suite 101
Tyler, TX 75703
Email: efindlay@findlaycraft.com

*Attorneys for Defendant:*
*Lenovo (United States) Inc.*

John M Guaragna
DLA Piper US LLP
401 Congress Ave., Suite 2500
Austin, TX 78701-3799
Email: John.Guaragna@dlapiper.com

*Attorneys for Defendants:*
*Pentax of America Inc., Hoya Corporation and*
*Hoya Corporation USA*